IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CR-21-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TONY JAMES ROUSE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for sentence reduction pursuant to section 404 of the First Step of 2018, (DE 190, 197).

Under the First Step Act, the court may impose a reduced sentence for defendants convicted of a "covered offense" as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). However, "[n]othing in [section 404 of the First Step Act] shall be construed to require a court to reduce any sentence." Id. § 404(c).

Although defendant is eligible for a sentence reduction under § 404, the court declines to impose a reduced sentence in these circumstances. The court adheres to its prior ruling that 36 months' imprisonment is an appropriate revocation sentence in this case. (See DE 180, 182). The factors defendant argues justify a sentence reduction under the First Ste Act do not outweigh the factors the court considered when it imposed the revocation sentence. Accordingly, the court DENIES defendant's motions for sentence reduction, (DE 190, 197).

SO ORDERED, this the 27th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge